[No. 1021.]

# THE STATE OF NEVADA, RESPONDENT, *v.* ON GEE HOW, APPELLANT.

OPIUM ACT—SUFFICIENCY OF INDICTMENT—MODE OF USING OPIUM NOT ESSENTIAL.—It is the intent to use opium that gives character to the act. The mode of using it "by smoking or otherwise" is unessential, and need not be stated in the indictment.

IDEM.—The indictment charged that the defendant " did unlawfully resort

to a room, * * * kept to be used by persons for the purpose of indulging in the use of opium, * * * and then and there so kept by some person or persons to this grand jury unknown, for the purpose of indulging in the use of opium * * * by smoking or otherwise: *Held*, that the words "for the purpose of indulging in the use of opium," as they occur in the latter part of the indictment, refer to defendant, and charge his purpose.

IDEM—PLACE OF RESORT MUST BE STATED.—An indictment under section 6 of the opium act, must charge the defendant with going to a house, room, or apartment kept "to be used as a place of resort" by some person or persons for the purpose of using opium. The omission of the words "as a place of resort:" *Held*, a fatal defect.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts appear in the opinion.

*W. J. Tuska, and Kirkpatrick & Stephens,* for Appellant:

I. An indictment upon the statute must state all the facts and circumstances which constitute the statutory offense, so as to bring the accused perfectly within the provisions of the statute. (*Wood* v. *People*, 53 N. Y. 511; *People* v. *Phipps*, 39 Cal. 326; Chitty Cr. Law, 280; 1 Bish. on Proc. 612, 613, 614, 616, 617; *Howel* v. *Commonwealth*, 5 Gratt. 664; *State* v. *McKenzie*, 42 Maine, 392; *State* v. *Gove and wife*, 34 N. H. 510; *State* v. *O'Bannon*, 1 Bailey, 144; *Morse* v. *State*, 6 Conn. 9; *State* v. *Morse*, 1 Greene, 503.)

II. The indictment must be direct and certain as to the offense charged, and the particular circumstances. (*People* v. *Saviers*, 14 Cal. 29; 1 Chitty Cr. Law, 169, 170, 171, 228, 229, 230, 236; *Biggs* v. *People*, 8 Barb. 547; *State* v. *Brannan*, 3 Nev. 238; *Murphy* v. *State*, 24 Miss. 590; *People* v. *Davis*, 4 Park. Cr. 61; *Valentine's case*, 4 City Hall Rec. 33, 36.)

III. The use of " or " in indictment, fatal. (*People* v. *Gilkinson*, 4 Park. Cr. 26; *People* v. *Tomlinson*, 35 Cal. 503; 1 Bishop Cr. Pr. 191, 234, 333, 334.)

*M. A. Murphy,* Attorney-General, for Respondent:

An indictment which adopts the words of the statute is well formed. (Stat. 1879, 121, 122.) The words " or otherwise," as used in this indictment, are surplusage, and

can be stricken out, and the indictment still be sufficient to charge the party with the crime. (*Rex* v. *Wardle*, 2 East's Pl. of the Cr. 784, 785; *Brown* v. *Commonwealth*, 8 Mass. 59; *State* v. *Gilbert*, 13 Vt. 647.)

By the Court, Beatty, C. J.:

The appellant was convicted upon an indictment, the material portion of which reads as follows:

"That the said On Gee How, on or about the twentieth day of July, A. D. 1879, and before the finding of this indictment, at the county of Storey aforesaid, did unlawfully resort to a room or apartment kept to be used by persons for the purpose of indulging in the use of opium, or a preparation containing opium, by smoking or otherwise, said room or apartment being situated in the cellar or basement of the building at No. 4 (*a*) South H street, in the city of Virginia, county and state aforesaid, and then and there so kept by some person or persons to this grand jury unknown, for the purpose of indulging in the use of opium, or a preparation containing opium, by smoking or otherwise, contrary to the form," etc.

The defendant demurred to this indictment, and moved in arrest of judgment upon various grounds, which were overruled by the district court; and now, on appeal from the judgment, he relies on the following points:

"(*a*) That the words 'place of resort' are omitted in the description of the premises referred to in the indictment.

"(*b*) That the words 'by smoking or otherwise' being in disjunctive, are fatal.

"(*c*) That no purpose or intent on the part of the defendant is alleged in the indictment."

The second and third of these points (*b* and *c*) we think are unfounded. The words "by smoking or otherwise" are wholly unessential and may be rejected as surplusage. It is the intent to use opium that gives character to the act. The mode of using it is entirely indifferent and need not be changed.

The purpose of the defendant is charged by the words "for the purpose of indulging in the use of opium," where

they occur for the second time in the indictment. Where they first occur they describe the purpose for which the place was kept. But we think the district court erred in not sustaining the demurrer on the first ground (*a*).

The only object of the law upon which the prosecution rests (Stat. 1879, 121) is the suppression of the places commonly known as opium dens (*State* v. *Ah Sam*, decided at January term). To this end it imposes a penalty (Sec. 6) upon the patrons and supporters as well as upon the keepers of such places. To smoke or otherwise use opium in places other than those described in the statute, or to go to other places with intent to use it is no crime, and therefore it is essential that an indictment under section 6 of the act should charge the defendant with going to the sort of place defined by the statute; that is to say, to a house, room, or apartment kept "to be used *as a place of resort*" by some person or persons for the purpose of using opium.

This indictment omits the words "*as a place of resort,*" and the omission is sought to be justified upon the ground that those words would have added nothing to the meaning of the language used.

We think, however, that this argument is based upon an erroneous construction of the statute. A house or apartment kept as a *place of resort* is a place for the entertainment of persons other than the inhabitants or occupants of the premises, and it was only such places that the legislature had in view. But the place described in this indictment may, for aught that is alleged, have been kept for the exclusive use of the persons residing therein. This, in our opinion, was a fatal defect.

The judgment is reversed, and the cause remanded. The district court will, if it see proper, submit the charge to another grand jury.